IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) Easy Sorb, Inc., d/b/a/ Driploc, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. |
| (1) Kevin Chwala and<br>(2) Omni Containment Systems, LLC | ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Easy Sorb, Inc. d/b/a/ Driploc ("Driploc"), alleges and states as follows:

1. Driploc is an Oklahoma corporation having a principal place of business at 2213 S. W. 19th Street, Oklahoma City, Oklahoma 73108.

2. Upon information and belief, Kevin Chwala ("Chawla") is a resident of the State of Illinois.

3. Upon information and belief, Omni Containment Systems, LLC ("Omni LLC") is an Illinois limited liability company having a principal place of business at 760 Unit G, Industrial Drive, Cary, Illinois 60013.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

5.   Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## BACKGROUND

6.   Driploc manufacturers and sells rooftop grease containment systems which it markets under the trademarks 360 Deluxe Perimeter System and the 360 Econo Perimeter System ("Products").

7.   Upon information and belief, U.S. Patent No. 6,468,323 (hereinafter the "'323 patent"), entitled "Grease Containment Assembly," issued on October 22, 2002, naming Chwala as inventor. A true and correct copy of the '323 patent is attached as Exhibit 1 hereto. Omni Containment Systems, Inc. ("Omni Inc.") is shown on the face of the '323 patent as the assignee thereof.

8.   Upon information and belief, Omni Inc. is a non-existent entity.

9.   Upon information and belief, U.S. Patent No. 6,676,723 (hereinafter the "'723 patent"), entitled "Grease Containment Assembly," issued on January 13, 2004, naming Chwala as inventor. A true and correct copy of the '723 patent is attached as Exhibit 2 hereto. Omni Inc. is shown on the face of the '723 patent as the assignee thereof.

10.  The '323 patent and '723 patent will hereafter jointly be referred to as the "patents-in-suit").

11.  Omni LLC claims ownership of the patents-in-suit. However, upon information and belief, the records of the United States Patent and Trademark Office do not reflect an assignment of rights in and to the patents-in-suit to Omni LLC.

12. On June 1, 2009, Defendants sent Driploc a letter enclosing copies of the patents-in-suit. A true and correct copy of this letter is attached as Exhibit 3 hereto. In their letter, Defendants accused Driploc of "blatantly" infringing the patents-in-suit and demanding that they "be made whole for all lost economic damages that were unjustly paid to Driploc based upon sales of" the Products. The letter closes with the statement that "if this matter is not adequately addressed by June 14, 2009, [Defendants] will assume that you would rather address the issues asserted herein through litigation."

13. On June 12, 2009, Driploc sent a letter to Defendants acknowledging receipt of their June 1st letter. A true and correct copy of Driploc's letter is attached as Exhibit 4 hereto. In its letter, Driploc carefully explained that the Products did not infringe the patents-in-suit as they lacked certain elements required by the claims of the patents-sin-suit.

14. On July 2, 2009, Defendants sent Driploc a letter in which they responded to Driploc's letter of June 12th. A true and correct copy of this letter is attached as Exhibit 5 hereto. In their letter, Defendants state that they would be "initiating litigation within the coming weeks."

15. Driploc has not directly or indirectly infringed any valid claim of the patents-in-suit.

## COUNT I

**Declaratory Judgment of Non-Infringement of the Patents-In-Suit**

16. Based upon (i) Defendants' allegations that Driploc has infringed the patents-

in-suit; (ii) Defendants' demand to be "made whole" as a result of Driploc's alleged infringement, and (iii) Defendants' threat to initiate litigation against Driploc, Driploc believes that there is a real substantial and imminent danger that Defendants will sue Driploc for infringement of the patents-in-suit.

17.     Accordingly, a valid and justiciable controversy has arisen and exists between Driploc and the Defendants regarding the alleged infringement of the patents-in-suit. Driploc desires a justiciable determination and declaration of the respective rights and duties of the parties. Such a determination is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

## REQUEST FOR RELIEF

Driploc requests entry of a judgment in its favor and against the Defendants Chwala and Omni LLC as follows:

A.      Declaring that Driploc has not infringed, either directly or indirectly, any valid claim of the '323 patent;

B.      Declaring that Driploc has not infringed, either directly or indirectly, any valid claim of the '723 patent.

C.      Enjoining Chwala and his employees, agents, attorneys and anyone acting in concert or participation with him from making any claim that Driploc infringes the '323 patent.

D.      Enjoining Chwala and his employees, agents, attorneys and anyone acting in

concert or participation with him from making an claim that Driploc infringes the '723 patent.

E.  Enjoining Omni LLC, its officers, partners, employees, agents, parents, subsidiaries, attorneys and anyone acting in concert or participation with it from making any claim that Driploc infringes the '323 patent.

F.  Enjoining Omni LLC, its officers, partners, employees, agents, parents, subsidiaries, attorneys and anyone acting in concert or participation with it from making any claim that Driploc infringes the '723 patent.

G.  Awarding Driploc its costs of suit; and

H.  Granting any such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Driploc demands a jury trial on all issues so triable.

Respectfully submitted,

Date: July 9, 2009

Joseph P. Titterington
R Trent Pipes
D. Ward Hobson
Dunlap Codding, P.C.
1601 Northwest Expressway, Suite 1000
Oklahoma City, Oklahoma  73118
Telephone:  (405) 607-8600
Facsimile:   (405) 607-8686

5

concert or participation with him from making an claim that Driploc infringes the '723 patent.

E.   Enjoining Omni LLC, its officers, partners, employees, agents, parents, subsidiaries, attorneys and anyone acting in concert or participation with it from making any claim that Driploc infringes the '323 patent.

F.   Enjoining Omni LLC, its officers, partners, employees, agents, parents, subsidiaries, attorneys and anyone acting in concert or participation with it from making any claim that Driploc infringes the '723 patent.

G.   Awarding Driploc its costs of suit; and

H.   Granting any such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Driploc demands a jury trial on all issues so triable.

Respectfully submitted,

Date: July 8, 2009

s/Joseph P. Titterington
Joseph P. Titterington
R Trent Pipes
D. Ward Hobson
Dunlap Codding, P.C.
1601 Northwest Expressway, Suite 1000
Oklahoma City, Oklahoma  73118
Telephone:   (405) 607-8600
Facsimile:   (405) 607-8686