000 The Tower, 1601 N.W. Expressway  Ph: (405) 607 8600   (800) 235 5925
Oklahoma City, OK 73118              Fax: (405) 607 8686  dunlapcodding.com

June 12, 2009

**Via Facsimile Transmission**           **Fax: 847-854-8777**
**and U.S. First Class Mail**
Troy C. Owens, Esquire
OWENS & LAUGHLIN, L.L.C.
9 West Crystal Lake Road, Suite 210
Lake in the Hills, Illinois 60156

     Re:    U.S. Patent Nos.:    6,468,323 and 6,676,723
            Our Docket No.:    8305.001



Dunlap Codding

A Professional
Legal Corporation

Dear Mr. Owens:

     Your letter to Barry Wagner of Driploc, Inc. of June 1, 2009, has been forwarded to this law firm for response.

     Please be advised that it is the policy of Driploc, Inc. to acknowledge the intellectual property rights of others by not knowingly infringing those rights. Therefore, we have carefully considered your client's patents. Having done so, we have concluded that both the Driploc 360 Deluxe Perimeter System and the Driploc 360 Econo Perimeter System fall outside the scope of your client's patents.

     As you know, prior to bringing an infringement action, you are required to comply with Fed.R.Civ.P. 11. In the context of a patent infringement case, the Federal Circuit has interpreted Rule 11 to require, "at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement." *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2004). "The presence of an infringement analysis plays the key role in determining the reasonableness of the pre-filing inquiry made in a patent infringement case under Rule 11." *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed Cir. 2000). You cannot satisfy your Rule 11 obligation by seeking to discover facts to support your infringement claim after the suit is filed. *Judin v. United States*, 110 F.3d 780, 784-85 (Fed. Cir. 1997).

     In your letter, you represented that you have examined our client's products. Such examination should have revealed that neither of Driploc's products include frame members having a U-shaped contour as required by all the claims of your client's patents. The frame members of Driploc's products are Z-shaped.



EXHIBIT 4

Patent • Trademark • Copyright

U.S. Patent 6,468,323 ("the Chwala '323 patent) has three independent claims (claims 1, 7, and 11). Each of these claims includes the limitation of a frame having a U-shaped contour defined by two wall poritions extending upwardly from a bottom portion. In light of the limitations contained in claims 1, 7, and 11, it must be concluded that a grease containment assembly that does not have a U-shaped channel does not infringe the Chwala '323 patent, literally or under the doctrine of equivalents.

Turning to U.S. Patent 6,676,723 ("the Chwala '723 patent"), this patent also has three independent claims (claims 1, 6, and 12). Claims 1, 6, and 12 each contain the limitation of a U-shaped channel defined by two walls extending away from a bottom portion. Claims 1 and 12 further include the limitation of a water channel formed along the bottom portion of the frame. Because Driploc's products do not employ a U-shaped channel or a water channel, such products do not infringe the Chwala '723 patent, literally or under the doctrine of equivalents.

For the reasons stated above, no objectively reasonable attorney who had conducted the required pre-filing investigation could conclude that Driploc's products contains every element of any claims of the Chwala '323 patent or the Chwala '723 patent.

In view of the above, Driploc does not believe any controversy should exist between it and Omni Containment Systems, L.L.C. However, if after consideration of our analysis you still believe issues remain unresolved, I would be glad to discuss this matter with you at your convenience.

Very truly yours,

Nicholas D. Rouse

NDR/lkw